UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Automotive Finance Corp.

     v.                                    Civil No. 12-cv-78-JL

Habiba Mhaidar

**SUMMARY ORDER**

In January 2011, plaintiff Automotive Finance Corp.
commenced this action in the Hillsborough County Superior Court
against defendant Habiba Mhaidar, seeking to collect on a
judgment against her in the amount of $70,530.81 issued by the
Marion County Superior Court in the state of Indiana.  The
judgment arises out of an alleged loan that Automotive Finance
made to Mhaidar in connection with her car dealership business.
On February 28, 2012, more than a year after Mhaidar was served
with process in the Hillsborough County action, she filed a pro
se notice of its removal to this court.  See 28 U.S.C. § 1446(a).

On March 8, 2012, Automotive Finance filed a motion to
remand the action, see id. § 1447(c), arguing that (A) the notice
of removal was not filed within 30 days of the service of the
summons and complaint upon Mhaidar, as required by 28 U.S.C. §
1446(b)(1), (B) Mhaidar is a citizen of New Hampshire, so the
action is not removable, see id. § 1441(b), and (C) the amount in
controversy does not exceed $75,000, so this court lacks subject-

matter jurisdiction, see id. § 1332(a).  After the deadline for
Mhaidar to respond to the motion passed without her filing
anything, this court entered an order noting that fact and
granting the motion to remand.  Order of Apr. 2, 2012.  Four days
later, Mhaidar filed two separate motions:  one seeking leave to
file a late objection to the motion to remand, and for
reconsideration of the order granting remand, and the other
seeking leave to file an "answer" to the notice of removal.
While the court grants Mhaidar leave to make those filings, they
fail to show that removal of this action was proper or provide
any other basis for this court to reconsider its remand order.

     Automotive Finance is correct that Mhaidar's notice of
removal was untimely.  Under § 1446(b)(1), "[t]he notice of
removal of a civil action or proceeding shall be filed within 30
days after receipt by the defendant, through service or
otherwise, of a copy of the initial pleading setting forth the
claim for relief upon which such action or proceeding is based."
Here, that was Automotive Finance's writ of summons, which was
served on Mhaidar on February 4, 2011, according to the return
filed in Superior Court.  But Mhaidar did not file her notice of
removal until more than a year later, on February 28, 2012.

     Mhaidar nevertheless asserts that the notice was filed
"within thirty days of the date this action became removable."

2

This assertion appears to be based on Mhaidar's claim that the Superior Court denied her "constitution[al] right to be represented by her non[]-lawyer representative" by way of an order of February 2, 2012, and that this ruling somehow gave rise to federal jurisdiction over this case.  But there is no "constitutional right" as such (though the rules of the Superior Court do allow non-lawyers to represent parties under certain conditions, see N.H. Super. Ct. R. 14(c)) and, even if there were, federal constitutional violations perpetrated in a state-court proceeding do not give this court jurisdiction over the proceeding in any event.  See, e.g., Peltier v. Peltier, 548 F.2d 1083, 1084 & n.2 (1st Cir. 1977) (rejecting claim that state court's discrimination against men in divorce actions, even if unconstitutional, gave rise to federal jurisdiction over them).

Automotive Finance is also correct that, under § 1441(b), Mhaidar cannot remove this action from the Rockingham County Superior Court because she is a citizen of New Hampshire. Section 1441(b) provides that:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties properly joined and served as a defendant is a citizen of the State in which such action is brought.

(emphasis added).  Thus, because a "citizen of the State in which [this] action was brought," New Hampshire, has been "properly named and served as a defendant," this action is not removable under § 1441(b).

The only way § 1441(b) would not prevent removal here would be, as the statute says, if this were a "civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States" under 28 U.S.C. § 1331.  But that is not the case here:  this is a state-law action on a judgment.  In fact, Mhaidar expressly invokes this court's diversity jurisdiction, see id. § 1332(a)(1), rather than its federal question jurisdiction.  Again, Mhaidar claims that the Superior Court violated her "constitution[al] right" by disallowing her chosen non-lawyer representative from appearing on her behalf.  But that claim, even it were constitutional in nature, confers no jurisdiction on this court, as just discussed.

So Mhaidar has attempted the untimely removal of a case that is non-removable in the first place.  It was for these reasons that the court granted Automotive Finance's motion for remand (which was made within 30 days after the filing of Mhaidar's notice of removal, as required by 28 U.S.C. § 1447(c)), insofar as it sought to remand this action to the Rockingham County

4

Superior Court.  Thus, while Mhaidar's motion for leave to file an objection[1] to the remand motion is GRANTED, that motion is DENIED insofar as it seeks reconsideration of the remand order. Her motion for leave to file an answer to the notice of removal[2] is also GRANTED.  While the court has considered those filings, they do not demonstrate that removal was proper.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  April 20, 2012

cc:  Habiba Mhaidar, pro se
     Davi M. Peters, Esq.

---

[1]Document no. 9.

[2]Document no. 10.

5